**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DEBRA DRAKE,
            Appellant,

            v.

DEPARTMENT OF THE INTERIOR,
            Agency.

DOCKET NUMBER
SF-0432-17-0272-I-1

DATE: October 21, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Kevin Keaney, Esquire, Portland, Oregon, for the appellant.

Anna Roe, Esquire, Portland, Oregon, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained her removal from the agency for unacceptable performance under 5 U.S.C. chapter 43.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Western Regional Office for further adjudication in accordance with this Remand Order and *Santos v. National Aeronautics & Space Administration*, [990 F.3d 1355](#) (Fed. Cir. 2021).

## BACKGROUND

¶2      The appellant worked for the agency as an Outdoor Recreation Planner. Initial Appeal File (IAF), Tab 6 at 4.  In August 2016, the agency placed her on a 30-day performance improvement plan (PIP) due to her unacceptable performance in three critical elements of her performance standards.  *Id*. at 51-55.  To improve her performance to the minimally successful level and pass the PIP, the appellant could fail to complete a task as described in the PIP no more than once under each critical element.[2]  *Id*. at 53-55.  When the PIP concluded, the appellant had not raised her level of performance to at least minimally successful on two critical elements, as she failed two tasks in the recreation permitting critical element and failed three tasks in the public events critical element.  *Id.* at 42-45. These failures related to missing established deadlines and not showing satisfactory progress on assignments.  *Id.*  As a result, the agency removed the appellant.  *Id*. at 4-10.

¶3      The appellant filed a Board appeal contesting her removal.  IAF, Tab 1. After holding the requested hearing, the administrative judge issued an initial decision sustaining the appellant's removal for unacceptable performance, finding that the agency met its burden of proving by substantial evidence each of the required elements of a chapter 43 removal action.  IAF, Tab 19, Initial Decision (ID).  The appellant filed a petition for review, and the agency responded in opposition.  Petition for Review (PFR) File, Tabs 1, 3.

---

[2] Minimally successful is the lowest level of acceptable performance in the appellant's performance standards.  IAF, Tab 6 at 76-77.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶4    At the time the initial decision was issued, the Board's case law stated that, in a performance-based action under 5 U.S.C. chapter 43, an agency must establish by substantial evidence that:  (1) OPM approved its performance appraisal system; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to improve; and (5) the appellant's performance remained unacceptable in at least one critical element.  *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 5 (2013).[3]  As discussed below, we discern no basis to disturb the administrative judge's findings.  As discussed at the end of our analysis, this appeal must nevertheless be remanded to address an additional element of the agency's burden of proof as set forth in *Santos*, 990 F.3d at 1360-61.

The appellant has not established any error in the administrative judge's finding that the agency provided her with a reasonable opportunity to demonstrate that her performance improved to an acceptable level.

¶5    On review, the appellant only challenges the administrative judge's finding that the agency provided her with a reasonable opportunity to demonstrate that her performance improved to an acceptable level.  PFR File, Tab 1 at 4-6.  Specifically, the appellant contends that her opportunity to improve was not reasonable since it was possible for her to fail the PIP before the full 30 days elapsed due to the interim deadlines on some of the required tasks.  *Id.*  Regarding the other elements of a chapter 43 action, the appellant does not refute the administrative judge's findings, and we discern no reason to disturb the initial

---

[3] Although *White* provides that criterion 3 requires that performance standards be valid under 5 U.S.C. § 4302(b)(1), the National Defense Authorization Act for Fiscal Year 2018 redesignated subsection 4302(b) as subsection 4302(c).  Pub. L. No. 115-91, § 1097(d)(1)(A), 131 Stat. 1283, 1619 (2017).

decision, as it is supported by the evidence, the inferences are appropriate, and the credibility determinations are reasoned.[4] *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

¶6        When assessing whether an agency afforded an employee a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of the employee's position, the performance deficiencies involved, and the amount of time given to the employee to demonstrate acceptable performance. *See White*, 120 M.S.P.R. 405, ¶ 5. The Board also has considered the level of assistance provided to the employee during the PIP period. *See Bare v. Department of Health & Human Services*, 30 M.S.P.R. 684, 687-88 (1986).

¶7        In this instance, the agency informed the appellant through the PIP notice of her unacceptable performance in three critical elements, listed the required tasks that she had to perform to demonstrate minimally successful performance, and informed her that, if she did not improve her performance on each of the critical elements to the minimally successful level at the conclusion of the PIP, her removal was possible. IAF, Tab 6 at 51-55. The appellant served as an Outdoor Recreation Planner for 15 years and had familiarity with many of the tasks assigned to her during the PIP period. Hearing Compact Disc (HCD) (testimony of first-line supervisor), (testimony of the appellant). The tasks correlated with the core duties of the appellant's position and broke down larger assignments into short-term, measurable steps. IAF, Tab 6 at 53-55; HCD (testimony of first-line supervisor). The Board has held that a reasonable opportunity to demonstrate acceptable performance can contain interim deadlines that expire before the end of a PIP period. *See, e.g.*, *Luscri v. Department of the Army*, 39 M.S.P.R. 482,

---

[4] The administrative judge did not sustain the agency's allegation that the appellant failed a third task under the public events critical element. ID at 21-22. The agency does not contest this finding on review, and we find no reason to discuss it further.

487, *aff'd*, 887 F.2d 1094 (Fed. Cir. 1989) (Table).  The evidence, which includes the hearing testimony from the appellant's first-line supervisor, supports the finding that the tasks and associated deadlines set within the 30-day PIP period provided the appellant with a reasonable opportunity to show improvement to a minimally successful level.  HCD (testimony of first-line supervisor).  The administrative judge found the appellant's first-line supervisor's testimony "credible and compelling" when he described how the deadlines within the PIP set tasks into measurable steps, providing the appellant with the opportunity to display improvement.  ID at 9; *see* HCD (testimony of first-line supervisor).  The appellant does not raise any issues with the credibility of her first-line supervisor's hearing testimony.  The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of a testifying witness.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  The Board may overturn such determinations only when it has sufficiently sound reasons.  *Id.*  There is no sufficiently sound reason for doing so in this matter.

¶8      The appellant's yearly standards described minimally successful performance on each critical element as failing to perform at the fully successful level on two occasions through the entire performance appraisal year.  IAF, Tab 6 at 66-67, 70-71.  The PIP, in contrast, permitted the appellant to attain minimally successful performance with one failure in a month.  *Id.* at 53-55.  Thus, the standard that the agency set forth in the PIP provided the appellant a greater margin for error to perform at the minimally successful level compared to the standard for the entire appraisal year, further establishing the reasonableness of the PIP period.  Additionally, the appellant's first-line supervisor provided her assistance by meeting with her weekly during the PIP period to discuss her performance, provide feedback, and answer questions.  *Id.* at 47-50.  This also supports the finding that the agency afforded the appellant a reasonable opportunity to improve.  *See Bare*, 30 M.S.P.R. at 687-88.  Finally, the Board has

held that a 30-day PIP period is sufficient to satisfy the reasonable opportunity to demonstrate acceptable performance requirement. *See Melnick v. Department of Housing & Urban Development*, [42 M.S.P.R. 93](link), 101 (1989), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table).[5]

<u>Remand is necessary to afford the parties an opportunity to submit evidence and argument regarding whether the appellant's placement on a PIP was proper.</u>

¶9      Although the appellant has identified no basis for us to disturb the administrative judge's findings below, we nonetheless must remand this appeal for another reason. During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit held in *Santos*, 990 F.3d at 1360-61, that in addition to the five elements of the agency's case set forth in the initial decision, the agency must also justify the institution of a PIP by proving by substantial evidence that the employee's performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, [2022 MSPB 11](link), ¶ 16. Although the record in this appeal already contains evidence suggesting that the appellant's performance leading up to the PIP was indeed unacceptable, we remand the appeal to give the parties the opportunity to present argument and additional evidence on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements. *See id.*, ¶¶ 15-17. On

---

[5] On review, the appellant argues that the Board's decision in *Bare* supports her position that the agency did not afford her with a reasonable opportunity to demonstrate acceptable performance. PFR File, Tab 1 at 4-6. The appellant's argument is inapposite to the holding in *Bare* and provides no basis to overturn the initial decision. The administrative judge in this case considered many of the same factors that the Board did in *Bare* when determining that the agency provided the appellant with a reasonable opportunity to demonstrate acceptable performance, including the amount of assistance provided, the nature and duties of the position involved, and the cited performance deficiencies. *See Bare*, 30 M.S.P.R. at 688-89; ID at 7-12.

remand, the administrative judge shall accept argument and evidence on this issue and shall hold a supplemental hearing if appropriate. *Id.*, ¶ 17.

¶10      The administrative judge shall then issue a new initial decision consistent with *Santos*. *See id.* If the agency makes the additional showing required under *Santos* on remand that the appellant's performance in at least one critical element was at an unacceptable level prior to her placement on the PIP, the administrative judge may incorporate her prior findings on the other elements of the agency's case in the remand initial decision. *See id*.

## ORDER

¶11      For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:            /s/ for

                              Jennifer Everling
                              Acting Clerk of the Board

Washington, D.C.